IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REIDIE JACKSON, § | |
| TDCJ No. 1164177, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:18-CV-78-D |
| § | |
| RAY CRUZ, et al., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE TO DISMISS
### THE COMPLAINT AND DENY PLAINTIFF'S MOTION TO PROCEED

This is a civil rights action brought pursuant to 42 U.S.C. section 1983 by plaintiff REIDIE JACKSON ("Jackson"), a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ"). Jackson has filed an application to proceed *in forma pauperis*. Jackson is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas. Jackson requests to proceed pursuant to the "imminent danger" exception contained in 28 U.S.C. section 1915(g). For the following reasons, Jackson's application to proceed *in forma pauperis* should be denied because, while incarcerated, Jackson acknowledges that he has filed at least three prior civil actions that were dismissed either as frivolous or for failure to state a claim; further, the Court finds his assertions of "imminent danger" do not meet the requirements to fall under the exception to 1915(g).

As Jackson acknowledges he has received three prior "strikes" under the Prison Litigation Reform Act ("PLRA"), the Court limits its analysis to Jackson's claims of imminent

danger to determine if Jackson "is under imminent danger of serious physical injury" *at the time his lawsuit was filed.* 28 U.S.C. § 1915(g); *see also Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (determination of "imminent danger" must be made as of date complaint is filed).

## I.
## PETITIONER'S ALLEGATIONS

In support of his complaint, plaintiff presents the following allegations:

1. Jackson was interviewed by attorneys as a witness to abuse by prison guards of another inmate in January of 2017;

2. Jackson claims he has generally experienced retaliation for that witness statement, beginning immediately after his cooperation, including instances of use of chemical agents, property deprivation, and physical abuse;

3. on November 4, 2017, TDCJ officer T. Harrell offered another inmate money or drugs to perform a "hit" on Jackson, but the other inmate informed Jackson of the offer and took no action against Jackson;

4. on March 8, 2018, Jackson had a medical emergency and was vomiting blood; security staff observed him ill and contacted medical staff, LVN Deloris Carrizalez; Jackson claims Carrizalez refused him care because guards told her to deny him care after he helped another inmate and an attorney get guards into trouble; however, Jackson's complaint acknowledges he was taken to the hospital on this occasion and received medical care;

5. in November and December of 2017 and in February of 2018, the unit went on "lock-down" and "shake-down" and officers used tremendous amounts of chemical agents on the prison population of the unit in general; and

6. Jackson claims he will experience future retaliation like above if protective action is not taken.

## II.
## SCREENING

The Prison Litigation Reform Act ("PLRA"), enacted into law on April 26, 1996, amended 28 U.S.C. section 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. section 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil

action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

      A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepgba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Jackson has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as discussed in the findings below; thus, he is barred from proceeding *in forma pauperis* as he requests. Jackson acknowledges these prior strikes by his motion to proceed.

      The only exception to the "three-strike" bar is when the prisoner is under imminent danger of serious physical injury, and Jackson argues this exception applies to his case. To meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808 at *1 (N.D.Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of

past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id*. "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id*. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to 1915(g)." *Id*. (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013 (citing *Emmett v. Julye*, No. H-13-2693, 2013 SL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-298 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 Fed.Appx. 352, 354 (5th Cir. 2014) (per curiam).

Jackson filed his complaint [ECF 3] on April 20, 2018, along with his motion to proceed due to imminent danger, in lieu of an application to proceed *in forma pauperis* [ECF 4], which he later filed on May 4, 2018 [ECF 5]. By his complaint, Jackson alleges specific incidents he claims were the result of retaliation for his cooperation in January of 2017 (prior incidents occurring before this time referenced by Jackson have previously been dismissed by this Court in Cause Nos. 2:14-CV-29 and 2:14-CV-35, as acknowledged by Jackson). In the January 2017 property deprivation claims, Jackson states he had property seized unlawfully in retaliation for meeting with Woolverton's lawyers. In the November 4, 2017 incident Jackson claims a guard attempted to have another inmate harm or kill him. These claims do not meet the requirement for "imminent danger" at the time of filing. "Allegations of past harm do not suffice to demonstrate imminent danger; rather, the harm must be imminent or occurring at the time the complaint is

filed, and the exception refers to a genuine emergency where time is pressing." *Murphy v. Massenburge*, No. 6:16-CV-1006, 2017 WL 82550, at *1-2 (E.D. Tex. Jan. 9, 2017) (citing *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliations" fail to sufficiently allege imminent danger)).  As acknowledged by Jackson, the other inmate involved in the November incident immediately reported the potential threat to Jackson, and Jackson has not alleged further attempts on his life are imminent.

Jackson's March 8, 2018 medical care claim does not state a case for imminent danger. Jackson received medical care on this date, and he has not stated specific instances where he was actually denied medical care. *See Edmond v. Texas Dept. of Corrections*, 1998 WL 723877, at *3 (N.D. Tex. Nov. 21, 2008) ("allegations about the quality of medical care are insufficient to establish imminent danger"); *see also Valdez v. Bush*, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (allegations must be grounded in specific facts indicating that serious physical injury is imminent and general allegations of retaliation and physical injury are insufficient to allege imminent danger). Jackson's general allegations of possible future retaliation do not meet the "real and proximate" requirements of the exception. *See Harrison v. Arasor*, No. 3:11-CV-0712, 2011 WL 1831703, at *2 (N.D. Tex. April 20, 2011) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

III.
FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. A review of PACER reflects that Jackson had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a. In this Court, Cause no. 2:10-CV-0261 was dismissed June 15, 2011 as frivolous and for failure to state a claim, and Jackson's appeal was dismissed September 21, 2011 for want of prosecution;

    b. In this Court, Cause no. 2:14-CV-0036 was dismissed as frivolous and for failure to state a claim on July 2, 2014, and the appeal was dismissed on August 26, 2014 for want of prosecution;

    c. In the United States District Court for the Southern District of Texas, Galveston Division, Cause no. 3:03-CV-0373 was dismissed as frivolous and for failure to state a claim on September 14, 2005; no appeal was taken.

2. Based on the dismissals identified above, Jackson is barred by the "three-strike" provision of 28 U.S.C. section 1915(g).

3. Jackson previously had two cases dismissed under the "three-strike" provision and is reasserting those past claims here. These cases were Cause no. 2:14-CV-29 and Cause No. 2:14-CV-35, in this Court. The Court finds those claims were properly dismissed.

4. Jackson has argued that he is in imminent danger. The Court finds the allegations in Jackson's complaint do not meet the exception contained in 28 U.S.C. section 1915(g). Jackson's allegations of retaliation are conclusory. Jackson has not established that any danger he faces is "real and proximate."

5. General allegations of conspiracy or retaliation on the part of TDCJ officials will not support a finding of "imminent danger." To allow a prisoner to argue such allegations and meet the exception would act to nullify the three strikes statute. *Murphy*, 2017 WL 82550 at *2-3. "Prisoners cannot exempt themselves from the operation of §1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Id*. (citing *Calton v. Wright*, 6:12-CV-3544, 2012 WL 3135682 at *1 (E.D. Tex. June 29, 2012).

## IV.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the complaint filed by plaintiff REIDIE JACKSON be DISMISSED as barred by the three strikes provision of 28 U.S.C. section 1915(g). This dismissal should be without prejudice to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date

of final judgment. It is further RECOMMENDED Jackson's "motion to proceed due to imminent danger" and his "motion to proceed i.f.p." should be denied.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on November 14, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).